*In re* PAROLE OF JOHNSON

Docket No. 186563. Submitted September 16, 1996, at Detroit. Decided October 29, 1996, at 9:05 A.M.

The Parole Board granted parole to Kenneth Johnson. The Oakland Circuit Court, Gene Schnelz, J., pursuant to MCL 791.234(7); MSA 28.2304(7), granted the Oakland County Prosecutor leave to appeal the Parole Board's decision. The court reversed the Parole Board's decision. Johnson appealed by leave granted.

The Court of Appeals *held*:

The Parole Board's exercise of discretion over the grant or denial of parole is governed by the parole guidelines mandated by MCL 791.233e; MSA 28.2303(6) and promulgated by the Department of Corrections at 1996 MR 1, R 791.7715 *et seq.* and is subject to judicial review for abuse of discretion. In this case, the circuit court correctly concluded that the Parole Board abused its discretion in granting parole to Johnson. A low probability of parole for Johnson was indicated by the parole guidelines. MCL 791.233e(6); MSA 28.2303(6)(6) and 1996 MR 1, R 791.7716(5) allow departures from the parole guidelines for substantial and compelling reasons stated in writing. Here, no substantial and compelling reasons for departure were stated in writing, and it appears that the decision to grant parole was made almost exclusively on the basis of the subjective impressions drawn by a Parole Board member after interviewing Johnson.

Affirmed.

PAROLE — PAROLE BOARD — GRANTS OR DENIALS OF PAROLE.

The parole guidelines, as mandated by statute and promulgated by the Department of Corrections in administrative rules, govern the Parole Board's exercise of discretion over the grant or denial of parole; judicial review of a grant or denial of parole by the Parole Board is conducted under the "abuse of discretion" standard (MCL 791.233e; MSA 28.2303[6]; 1996 MR 1, R 791.7715 *et seq.*).

*Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Anica Letica*, Assistant Prosecuting Attorney, for the appellee.

*James W. Daly,* for the appellant.

Before: Wahls, P.J., and Fitzgerald and L. P. Bor-
rello,* JJ.

Fitzgerald, J. Kenneth Johnson appeals by leave
granted the circuit court order vacating the Parole
Board's decision to grant him parole. We affirm.

On February 22, 1990, Johnson was convicted of
armed robbery, MCL 750.529; MSA 28.797, carrying a
concealed weapon, MCL 750.227; MSA 28.424, and
possession of a firearm during the commission of a
felony, MCL 750.227b; MSA 28.424(2). He was sen-
tenced to prison terms of three to twenty years for
armed robbery, one to five years for carrying a con-
cealed weapon, and two years for felony-firearm.
Johnson's minimum sentence expired on or about
July 22, 1994. He was released on parole on August
11, 1994, pursuant to a February 7, 1994, decision by
the Michigan Department of Corrections Parole
Board. On October 6, 1994, the Oakland County Pros-
ecutor filed an application for leave to appeal before
the circuit court. The circuit court granted leave, and
on February 21, 1995, the court found that the Parole
Board had abused its discretion in granting Johnson
parole. On the basis of that finding, the court vacated
the Parole Board's order, and Johnson was returned to
prison. Johnson now appeals the circuit court's order.

The Legislature has entrusted the decision whether
to grant or deny parole to the Parole Board. MCL
791.234(7); MSA 28.2304(7). Traditionally, the board's
discretion has been deemed to be broad, though still
subject to judicial review. *Lane* v *Parole Bd,* 14 Mich

---

* Circuit judge, sitting on the Court of Appeals by assignment.

App 557, 562-563; 165 NW2d 841 (1968), rev'd on other grounds 383 Mich 50; 173 NW2d 209 (1970); *Ex parte McBride*, 68 F Supp 139, 140 (WD Mich, 1946). While the Parole Board continues to enjoy broad discretion in carrying out its legislatively prescribed function, the Legislature's recent enactments have circumscribed this discretion to some extent. See MCL 791.233e; MSA 28.2303(6) (1992 legislation creating a procedure for establishing guidelines for the board to follow in making parole decisions). In addition to limiting the board's discretion, the Legislature clarified the right of prisoners, crime victims, and prosecutors to appeal the Parole Board's decisions to the circuit court. MCL 791.234(7); MSA 28.2304(7); *Wayne Co Prosecutor* v *Parole Bd*, 210 Mich App 148, 152; 532 NW2d 899 (1995) (holding that the 1992 amendment to specify victim and prosecutor appeals was not a change in the law; rather, it clarified the previously existing right to maintain such an appeal). The pertinent portion of that statute provides:

> [A] prisoner's release on parole is discretionary with the parole board. The action of the parole board in granting or denying a parole is appealable by the prisoner, the prosecutor of the county from which the prisoner was committed, or the victim of the crime for which the prisoner was convicted. [MCL 791.234(7); MSA 28.2304(7) (previously enumerated as subsection [5]).]

We find that this clarification of the right to appeal envisions an increased resort to judicial review of board decisions. Consequently, we find that increased activity in this area requires that the appellate courts flesh out the parameters for reviewing such appeals.

In the first case to reach this Court since the statutory amendment, we concluded that review should be

under an abuse of discretion standard. *Wayne Co Prosecutor, supra* at 153. See also MCR 7.104(D)(5)(b).[1] Such a determination is to be made "in light of the record and of the statutory requirements" that limit the board's discretion. *Wayne Co Prosecutor, supra* at 154. Additionally, we recognized that, although the board is given discretion in parole decisions, that discretion is not unfettered. *Id.* at 153. Rather, it is limited by several statutory guidelines. *Id.*

The most basic limitation on the Parole Board's discretion is found in MCL 791.233; MSA 28.2303, which provides in pertinent part that "[a] prisoner shall not be given liberty on parole until the board has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety." MCL 791.233(1)(a); MSA 28.2303(1)(a). In addition, parole is generally not authorized until the prisoner has served the minimum sentence. MCL 791.233(1)(b); MSA 28.2303(1)(b). Furthermore, the statute provides that release on parole is not authorized until the board has satisfactory evidence that arrangements have been made for suitable employment for the prisoner upon release. MCL 791.233(1)(d); MSA 28.2303(1)(d); see *Wayne Co Prosecutor, supra* at 154 (interpreting this provision as allowing the grant of parole before employment is obtained, but requiring that a parolee obtain employment before release).

While the statutes provide the framework, the Legislature also enacted provisions to create "parole

---

[1] Effective April 1, 1996. The rule provides that "the burden shall be on the appellant to prove that the decision of the parole board was a clear abuse of discretion."

guidelines," intended to "govern the exercise of the parole board's discretion . . . as to the release of prisoners on parole . . . ." MCL 791.233e(1); MSA 28.2303(6)(1). The parole guidelines are now found at 1996 MR 1, R 791.7716. The guidelines were filed and became effective after the parole decision was made in the instant case. However, as mandated by statute, the Parole Board was clearly utilizing the guidelines in their proposed form to evaluate defendant's eligibility. MCL 791.233e(5); MSA 28.2303(6)(5). Therefore, we review the Parole Board's exercise of discretion as it is governed by the parole guidelines.

The parole guidelines are an attempt to quantify the applicable factors that should be considered in a parole decision. Those factors are set forth by statute and are further refined by administrative rule. MCL 791.233e; MSA 28.2303(6); 1996 MR 1, R 791.7715. By quantifying the factors, the Legislature plainly intended to inject more objectivity and uniformity into the process in order to minimize recidivism and decisions based on improper considerations such as race. MCL 791.233e; MSA 28.2303(6); 1996 MR 1, R 791.7716. Therefore, each potential parolee is evaluated under the guidelines and scored with respect to each guidelines category. These scores are then aggregated to determine a total guidelines score. That score is then used to fix a probability of parole determination for each individual on the basis of a guidelines schedule. Prisoners are categorized under the guidelines as having a high, average, or low probability of parole.

In the present case, Johnson received a guidelines evaluation on or about December 7, 1993. The guidelines score sheet noted the extreme violence and seri-

ous nature of the offense for which Johnson was incarcerated. In addition, the score sheet indicated that, while in prison, Johnson had committed more than twenty misconduct offenses, including six major misconduct offenses, of which three involved violent behavior. Furthermore, the evaluation indicated that Johnson represented a high risk of further assaultive behavior. Additionally, the record showed that Johnson had not successfully completed any recommended programs and that he received a negative mental health score. On the basis of this record, defendant was categorized by the guidelines as having a low probability of parole.

On December 21, 1993, one member of the board completed the initial portion of a Parole Board decision sheet recommending that Johnson should continue serving his sentence. This conclusion was based on the low probability guidelines score, the high risk of further assaultive behavior, and insufficient progress in recommended programs. The board member made recommendations that defendant maintain clean conduct, complete recommended programs, and achieve positive work or school reports.

Three weeks later, a second member of the Parole Board conducted an interview of Johnson. The written comments from the interview indicated that the board member found Johnson "very candid," "grounded in his reality," and "evidenc[ing] tremendous growth and progress from his initial fortune." The second board member recommended parole for Johnson. This recommendation was confirmed by a third board member on February 7, 1994, and on that same day the board issued a notice of action granting Johnson parole effective August 11, 1994.

The record indicates that the decision to grant parole to Johnson was made almost exclusively on the weight of the positive interview with one Parole Board member. The parole decision was not based on any objective criteria, but rather was based on the subjective feelings of the board member. In contrast, the objective criteria provided by the parole guidelines, completed less than eight weeks before the decision to grant parole, established that defendant showed no significant positive factors weighing in favor of parole. To the contrary, Johnson's record while in prison indicated numerous significant negative factors weighing against granting parole. Clearly, this is precisely the situation the Legislature intended to eliminate by imposing guidelines on the exercise of the Parole Board's discretion.

Under the parole guidelines, Johnson was determined to have a low probability for parole. In such a situation, parole is warranted only for "substantial and compelling" reasons. MCL 791.233e(6); MSA 28.2303(6)(6); 1996 MR 1, R 791.7716(5). Moreover, the substantial and compelling reasons for granting parole to a prisoner who has a low guidelines probability of parole must be "stated in writing." MCL 791.233e(6); MSA 28.2303(6)(6); 1996 MR 1, R 791.7716(5). Here, the Parole Board's decision is unsupportable in light of the record and the statutory requirements. Additionally, no substantial and compelling reasons to support the Parole Board's decision were stated in writing. Therefore, we find that the Parole Board abused its discretion in granting parole to Johnson, and we affirm the circuit court's order vacating the Parole Board's decision.

Affirmed.