*In re* PAROLE OF GLOVER (AFTER REMAND)

Docket No. 189303. Submitted April 10, 1997, at Lansing. Decided December 12, 1997, at Lansing. Resubmitted after remand on order of the Supreme Court October 25, 1999, at Lansing. Decided May 12, 2000, at 9:15 A.M.

Mary Glover, a prisoner under the jurisdiction of the Department of Corrections, appealed by leave granted in the Ingham Circuit Court a decision of the Parole Board denying her parole from concurrent sentences of life imprisonment. The court, Thomas L. Brown, J., affirmed the decision of the Parole Board on various grounds. The Court of Appeals granted leave to appeal and reversed, *In re Parole of Glover*, 226 Mich App 655 (1997), finding, in part, that the board's explanation of its decision did not satisfy due process requirements. The Court remanded the matter for preparation by the board of a written explanation of its reasons. The Supreme Court granted the board's application for leave to appeal and reversed, in part, the ruling of the Court of Appeals, finding that a more detailed explanation by the board was required by statute, not due process principles, but affirmed the Court of Appeals' remand to the Parole Board, ordering the Court of Appeals to consider the matter upon receipt of the board's explanation. *Glover v Parole Bd*, 460 Mich 511 (1999). On remand, the board affirmed its denial of parole and prepared a written explanation for its decision.

After remand, the Court of Appeals *held*:

1. The Parole Board satisfied the minimal explanation requirements directed by the Supreme Court, which stated that the board is not required to provide extensive findings of fact and conclusions of law, and should simply indicate what it relied on in reaching its decision.

2. The board did not abuse its discretion in deciding to deny parole.

Affirmed.

*Neal Bush* and *John F. Royal*, for Mary Glover.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for the Parole Board.

Amici Curiae:

*Jeanice Dagher-Margosian,* for American Civil Liberties Union Fund of Michigan and Criminal Defense Attorneys of Michigan.

AFTER REMAND

Before: KELLY, P.J., and GAGE and SAAD, JJ.

KELLY, P.J. Petitioner appealed by leave granted the Ingham Circuit Court's order affirming the Michigan Parole Board's decision to deny her request for parole. We reversed, *In re Parole of Glover,* 226 Mich App 655; 575 NW2d 772 (1997), finding that the Parole Board's explanation for its decision did not satisfy federal and state due process requirements. Finding that there was no statute requiring the Parole Board to provide a written explanation for its decision, we nonetheless felt that constitutional due process requirements demanded a written explanation stating the Parole Board's reasons for denying parole. In addition, we held that the Parole Board had violated the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.,* by failing to give public notice before rendering its final decision and, further, that no ex post facto violation had occurred. We remanded the matter to the Parole Board for preparation of a written explanation of its reasons for denying parole.

The Supreme Court granted the Parole Board's application for leave to appeal our decision. *Glover v Parole Bd*, 458 Mich 867 (1998). The Supreme Court reversed this Court's ruling, yet affirmed our remand to the Parole Board for a more detailed explanation of its reasons for denying parole. *Glover v Parole Bd*, 460 Mich 511; 596 NW2d 598 (1999). The Supreme Court held that such an explanation was required by then MCL 791.234(8); MSA 28.2304(8), not by the due process principles on which we relied. The Court ordered us to consider petitioner's appeal upon receipt of the Parole Board's explanation. Upon review of the Parole Board's written explanation for denying petitioner's request for parole, we affirm.

At the time relevant to this appeal, MCL 791.234(8); MSA 28.2304(8) provided that an inmate's release on parole is discretionary with the Parole Board. The decision to grant or deny parole is reviewed for a clear abuse of discretion. MCR 7.104(D)(5)(b); *In re Parole of Roberts*, 232 Mich App 253, 257; 591 NW2d 259 (1998). An abuse of discretion will generally be found where an unprejudiced person, considering the facts on which the decisionmaker acted, would say there is no justification or excuse for the ruling. *People v Ullah*, 216 Mich App 669, 673; 550 NW2d 568 (1996). The board may not grant a prisoner parole unless it "has reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that the prisoner will not become a menace to society or to the public safety." MCL 791.233(1)(a); MSA 28.2303(1)(a). Petitioner bears the burden of demonstrating an abuse of discretion, and this Court may not substitute its judgment for that of the Parole Board. MCR

7.104(D)(5); *Wayne Co Prosecutor v Parole Bd*, 210 Mich App 148, 153-154; 532 NW2d 899 (1995).

Petitioner is serving three concurrent life sentences. She was convicted in 1976 pursuant to a plea agreement of one count of second-degree murder and two counts of assault with intent to commit murder stemming from a gas station robbery she committed with her codefendant husband. They were stopped from removing cash from the register by employees and others and, while they were awaiting the arrival of the police, petitioner was allowed to use the restroom. She retrieved a handgun she had hidden in a toilet tank, and passed the gun to her husband, who then shot three men. One victim died immediately and a second died one year later.[1] The survivor of the shooting testified at the parole hearing that, even though petitioner stresses that she was merely an accomplice and that her husband did the actual shooting, the shooting would not have occurred had she not brought the gun back into the room.

Around July 30, 1993, a majority of the Parole Board voted "interest" in proceeding to a public hearing on petitioner's request for parole. On May 25, 1994, a public hearing was held for the purpose of gathering public comment for consideration in deciding whether the Parole Board should grant parole to petitioner. Petitioner had served eighteen years at that time. The Parole Board received evidence and heard extensive testimony both for and against granting petitioner parole, which has been reviewed by this Court and the Supreme Court in our respective opin-

---

[1] Although some people stated at the parole hearing that they believed the second victim died from his injuries, the death certificate indicated "viral hepatitis" as the cause of death.

ions. Regardless of petitioner's admirable efforts at self-improvement, family and friends of the victims, as well as members of the community, voiced strong opposition to petitioner's parole for various reasons, not the least of which was the loss of their loved ones. On July 15, 1994, the Parole Board, in executive session, voted to withdraw interest and deny parole; petitioner appealed.

On remand to the Parole Board, copies of the presentence investigation report (PSI) and of the public hearing transcript were distributed to board members. The Parole Board met on February 9, 1998, and voted to affirm its July 15, 1994, denial of parole. In rendering its decision, the board reviewed the PSI and the public hearing transcript, and discussed the positive and negative aspects of petitioner's prison record. The board made the following findings:

> A. Mary Glover continues to minimize her involvement in the offense; for example, her description of the crime as being "impulsive" on her part, the abusive relationship with her husband/co-defendant, and her self-described victimization.
>
> B. Mary Glover has minimized her behavior by failing to accept responsibility for her negative conduct during her earlier years of incarceration.[2]
>
> C. The strong public opposition to parole.

The Supreme Court held that, upon remand for an explanation of its reasons, "the parole board is not required to provide extensive findings of fact and conclusions of law, nor do we insist upon legal opin-

---

[2] Petitioner apparently amassed twenty-nine misconducts during the first fifteen years of her incarceration, including two sexual misconducts that she denied.

ions when it denies or grants a life prisoner parole. Rather, the board should simply indicate what it relied on in reaching its decision." *Glover, supra,* 460 Mich 525. The Parole Board has satisfied the minimal explanation requirements directed by the Supreme Court.

The board decried petitioner's failure to take responsibility for her role in the crime and for her actions during her incarceration. The Parole Board properly considered petitioner's personal history and growth, including whether she "[d]emonstrated willingness to accept responsibility for past behavior." 1999 AC, R 791.7715(2)(d)(i).

The record also reflects that the board received numerous letters and heard testimony in opposition to parole by the surviving victim, relatives of the victims, and members of the community. The board also was presented with a petition signed by approximately 1,200 people opposed, in principle, to parole for any prisoner serving a life sentence. This evidence supports the board's finding of strong public opposition to parole. It is for the board to assess this evidence and weigh it against the positive evidence presented by petitioner. MCR 7.104(D)(5); *Wayne Co Prosecutor, supra* at 153-154. We find no abuse of discretion.

Affirmed.