*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

---

*In re* Parole of DAVID ALBERS.

---

MACOMB COUNTY PROSECUTOR,

        Appellee,

v

DAVID ALBERS,

        Appellant,

and

PAROLE BOARD,

        Other Party.

UNPUBLISHED
January 29, 2019

No.   343208
Macomb Circuit Court
LC No.   2017-000052-AP

---

*In re* Parole of DAVID ALBERS.

---

MACOMB COUNTY PROSECUTOR,

        Appellee,

v

DAVID ALBERS,

        Other Party,

and

PAROLE BOARD,

        Appellant.

No.   343316
Macomb Circuit Court
LC No.   2017-000052-AP

Before: MURRAY, C.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

On March 18, 2017, the Michigan Parole Board (the Board) issued a notice of decision granting parole to appellant David Albers. Albers was to be released on or about August 2, 2017. The county prosecutor filed an emergency delayed application for leave and an emergency motion to stay release, each of which were granted by the circuit court. On January 4, 2017, the circuit court reversed the Board's decision. Following that decision, the Board and Albers both sought and were granted leave to appeal to this Court. For the reasons set forth below, we reinstate the Board's decision and remand to the Board for further action.[1]

This case is controlled by *In re Elias*, 294 Mich App 507; 811 NW2d 541 (2011), in which we held that the reviewing court is prohibited from substituting its judgment for that of the Board. *Elias*, 294 Mich App at 538-539. Pursuant to MCR 7.118(H)(3), a parole decision may not be reversed unless the prosecutor or other challenging party "show either that the Board's decision was a clear abuse of discretion or was in violation of the Michigan Constitution, a statute, an administrative rule, or a written agency regulation." *Elias*, 294 Mich App at 538 (quotation marks and citation omitted).

"Although matters of parole lie solely within the broad discretion of the [Board], that discretion is clearly restricted by legislative limitations." *In re Parole of Haeger*, 294 Mich App 549, 556; 813 NW2d 313 (2011) (quotation marks and citations omitted). The Legislature has mandated the use of parole guidelines developed by the Department of Corrections consistent with MCL 791.233e. "The parole guidelines are an attempt to quantify the applicable factors that should be considered in a parole decision. . . . By quantifying the factors, the Legislature plainly intended to inject more objectivity into the process . . . ." *In re Parole of Johnson*, 219 Mich App 595; 556 NW2d 899 (1996). "Statutory guidelines form the backbone of the parole-decision process." *Elias*, 294 Mich App at 512.

After the guideline factors are scored, they are added together and the total score "is then used to fix a probability of parole determination for each individual . . . ." *Johnson*, 219 Mich App at 599. Specifically, as described in *Elias*:

> Prisoners are categorized under the guidelines as having a high, average, or low probability of parole. A prisoner with a score of +3 or greater merits placement in the high-probability category, a score of -13 or less warrants assignment to the low-probability category, and a score between those figures falls within the

---

[1] We review de novo the circuit court's decision to overrule the Board as the court's ruling pertains to the proper interpretation and application of the statutes, court rules, and administrative guidelines. See *People v Kennedy*, 502 Mich 206, 213; 917 NW2d 355 (2018).

average-probability category. [*Elias*, 294 Mich at 518 (quotation marks and citations omitted).]

Albers's parole guideline score was +6, placing him in the high-probability of parole category. As set forth in MCL 791.233e(6), the parole board has limited discretion to vary from the guideline recommendation:

> The parole board may depart from the guideline by denying parole to a prisoner who has a high probability of parole as determined under the parole guidelines or by granting parole to a prisoner who has a low probability of parole as determined under the parole guidelines. A departure under this subsection shall be for substantial and compelling reasons stated in writing. The parole board shall not use a prisoner's gender, race, ethnicity, alienage, national origin, or religion to depart from the recommended parole guidelines.

In sum, when a prisoner's parole guideline score classifies him as having a "high probability of parole," the Board is required to grant parole "absent substantial and compelling reasons to depart from that decision." *Elias*, 294 Mich App at 539. A "substantial and compelling reason" is " 'an objective and verifiable reason that keenly or irresistibly grabs our attention; is of considerable worth in deciding the length of a sentence; and exists only in exceptional cases.' " *Id*. at 542, quoting *People v Babcock*, 469 Mich 247, 258; 666 NW2d 231 (2003). Thus, when the guidelines designate a prisoner as having a "high probability of parole" and the Board grants parole, a reviewing court should not disturb the Board's decision unless the court finds that the Board abused its discretion by not finding substantial and compelling reasons to depart from the guidelines.

In reversing the Board's decision, the circuit court made several legal errors. First, the court erred in its conclusion that the Board violated the law by not considering all the factors set forth in MCL 791.233e(2). As is plain from the text of the statute, MCL 791.233e(2) does not create mandatory considerations in individual parole determinations. Rather, the statute provides that the factors are to be used "in developing the parole guidelines." The circuit court also cited Mich Admin Code R 791.7715(1) and concluded that the factors enumerated there "must be considered." In fact, the regulation states that the parole board "may consider" those factors. It is clear that the circuit court misread both statute and regulation.

The circuit court committed a second error of law by requiring the Board to provide sufficient and verifiable facts, i.e., substantial and compelling reasons, to justify its decision to grant parole, even though the prisoner had a parole guideline score of +6, well above the +3 required to be categorized as having a high probability of parole. Providing substantial and compelling reasons are only necessary when the Board *departs* from the parole guidelines, i.e., denies parole to a prisoner with a high probability of parole or grants parole to a prisoner with a low probability of parole. MCL 791.233e(6); *Elias*, 294 Mich App at 522. Because the Board did not depart from the parole guidelines' recommendation that Albers be granted parole, there was no need to provide substantial and compelling reasons.

Having applied the wrong standard and having erroneously defined mandatory considerations, the court further erred by concluding that the Board did not consider all the facts

and circumstances relevant to these considerations.  First, the court incorrectly concluded that "there is no indication from the record that the Board considered the facts and circumstances of the underlying offense."  In fact, the case summary report prepared by the Board contains a detailed description of Albers's crime.[2]  Second, the court opined that the Board did not consider that Albers received two major misconducts during his incarceration.  However, the two major misconducts were scored as part of the guidelines process and thus taken into account by the Board, even if not specifically cited.  In addition, the Board's case summary report references the two major misconducts and, as the prosecution concedes in its brief, "the two major misconducts were in the record."  And the circuit court cannot simply assume that the Board ignored evidence contained in the record.  See *Elias*, 294 Mich App at 547.  Finally, the circuit court stated that it was unclear whether the Board had considered that Albers had subsequently been convicted in federal court of attempting to solicit murder—the same crime and potential victim as in this case.  However, the record demonstrates that the Board was aware of and considered this new criminal activity as well as the fact that upon release from Michigan custody, Albers would immediately begin serving a ten year sentence in federal prison for that offense.[3]

In sum, as we did in *Elias*, we conclude that the court "overstepped the bounds of judicial review."  *Elias*, 294 Mich App at 510.  The circuit court erred in concluding that the Board abused its discretion or violated the Michigan Constitution, a statute, or any administrative rule or regulation.  MCR 7.118(H)(3).  The Board considered the relevant facts and circumstances and complied with required procedures.  Finding no substantial or compelling basis to diverge from the parole guidelines, the Board properly concluded that there was "reasonable assurance, after consideration of all of the facts and circumstances, including the prisoner's mental and social attitude, that [Albers would] not become a menace to society or to the public safety."  While the circuit court disagreed with that evaluation, it may not conduct a de novo review or substitute its judgment for that of the Board.

---

[2] The circuit court's opinion largely focused on the facts of Albers's crime.  This is a proper consideration.  We note, however, that these same facts are considered at the time of sentencing and the discretion to determine the minimum sentence demanded by those facts is exercised by the sentencing judge at that time.  They should therefore not serve as the sole or primary reason for denying release upon completion of that minimum term.

[3] The court further erred when, concluding that the Board failed to consider certain information, it reversed the decision to grant parole rather than remanding the matter to the Board for a further explanation of its decision pursuant to MCR 7.118(H)(4), which allows the circuit court to remand the matter to allow the Board to explain its decision if "after surveying the explanation given and relevant record," the circuit court is unable to discern "the basis of the parole board's decision."  *Glover v Parole Bd*, 460 Mich 511, 525 n 22; 596 NW2d 598 (1999).

Reversed. We reinstate the decision of the parole board and remand to that body for further action consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro