*In re* PAROLE OF ROBERTS

*In re* PAROLE OF LEE

Docket Nos. 199741, 204516. Submitted October 6, 1998, at Grand Rapids. Decided October 20, 1998, at 9:05 A.M. Leave to appeal sought.

James M. Roberts, an inmate in the custody of the Department of Corrections, filed an application in the Newaygo Circuit Court for leave to appeal decisions by the Parole Board to deny him parole and to issue a two-year continuance until his next parole eligibility interview. The court, Terrence R. Thomas, J., granted the department's motion to dismiss the application. The Court of Appeals entered an order on February 6, 1996 (Docket No. 188656), denying Roberts' delayed application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted limited to whether in light of MCL 791.235(7); MSA 28.2305(7), the respondent can direct a continuance of Roberts' consideration for parole beyond twelve months. *Roberts v Dep't of Corrections*, 453 Mich 963 (1996).

Robert Lee, Jr., an inmate in the custody of the Department of Corrections, filed a petition for review in the Wayne Circuit Court after he was denied parole and given a two-year continuance until his next parole eligibility interview. The petition sought review of the department's decisions to issue the two-year continuance and to forgo issuance of a declaratory ruling regarding the legality of the decision to issue the two-year continuance. The court, Brian K. Zahra, J., entered a judgment and order in favor of the department. The Court of Appeals entered an order on July 22, 1996 (Docket No. 194049), denying the petitioner's delayed application for leave to appeal. The Supreme Court, in lieu of granting leave to appeal, remanded the matter to the Court of Appeals for consideration as on leave granted and, on its own motion, ordered that the appeals by Lee and Roberts be consolidated in the Court of Appeals. *Lee v Dep't of Corrections*, 454 Mich 910 (1997). The appeals of Roberts (Docket No. 199741) and Lee (Docket No. 204515) were consolidated by the Court of Appeals.

The Court of Appeals *held*:

1. There is no statutory impediment to the Parole Board's determination that Roberts' and Lee's eligibility for parole would not be reconsidered for two years. That part of the order in Docket No. 199741 must be affirmed. The order in Docket No. 204516 must be affirmed.

2. The rule promulgated by the Department of Corrections providing that a new hearing date shall be no more than twelve months from the pass-over date, 1979 AC, R 791.7710, was superseded and implicitly rescinded when the department promulgated 1988 AACS, R 791.7710, which provides that the next parole consideration date is to be determined by the Parole Board. Therefore, under the most current rule, the scheduling of subsequent parole hearings is discretionary.

3. The Parole Board is statutorily required to provide a prisoner denied parole a written explanation of the reason for denial. The board's statement of the reasons for the denial of parole for Roberts was not sufficient to satisfy the statutory requirement and does not allow meaningful appellate review of the board's decision. The part of the order in Docket No. 199741 dismissing the petition to review the decision to deny Roberts parole must be vacated and the matter must be remanded to the Parole Board for an explanation of its decision.

Affirmed in part and vacated and remanded in part in Docket No. 199741. Affirmed in Docket No. 204516.

1. PAROLE — PAROLE BOARD — RECONSIDERATION OF DENIAL OF PAROLE.

The Parole Board, after denying a prisoner parole, may order a continuance of more than twelve months before the prisoner is reconsidered for parole; no statute requires parole consideration at twelve-month intervals or limits the board's discretion to determine when it will reconsider a prisoner's eligibility for parole.

2. PAROLE — PAROLE BOARD — RECONSIDERATION OF DENIAL OF PAROLE.

A Department of Corrections rule providing that when a prisoner is denied parole the next parole hearing date for that prisoner shall be no more than twelve months thereafter, 1979 AC, R 791.7710, was superseded and implicitly rescinded by 1988 AACS, R 791.7710, which provides that the next parole consideration date is to be determined by the Parole Board; the scheduling of subsequent parole hearings is discretionary under the 1988 rule.

3. PAROLE — PAROLE BOARD — WRITTEN EXPLANATION FOR DENIALS OF PAROLE.

The Parole Board must provide a prisoner denied parole a written explanation of the reason for denial; the explanation must contain sufficient detail to allow meaningful appellate review of the board's

decision; the board's decision regarding parole is reviewed for an abuse of discretion (MCR 7.104[D][5][b]; MCL 791.234[7], 791.235[12]; MSA 28.2304[7], 28.2305[12]).

National Lawyers Guild (by *Neal Bush*), for James M. Roberts.

Robert Lee, Jr., in propria persona.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, and *Charles C. Schettler, Jr.*, Assistant Attorney General, for the Department of Corrections.

Before: CORRIGAN, C.J., and DOCTOROFF and FITZGERALD, JJ.

FITZGERALD, J. In Docket No. 199741, James Morris Roberts, a prisoner in the custody of respondent Department of Corrections, appeals by leave granted a circuit court order granting respondent's motion to dismiss his application for leave to appeal the Parole Board's decisions to deny him parole and to issue a two-year continuance until his next parole eligibility interview.

In Docket No. 204516, petitioner Robert Lee, Jr., a prisoner in the custody of respondent Department of Corrections, appeals by leave granted a circuit court order affirming respondent's decisions to issue Lee a two-year continuance until his next parole eligibility interview after denying him parole and to forgo issuance of a declaratory ruling regarding the legality of respondent's decision to issue the two-year continuance. The appeals were consolidated.

The pivotal question presented is whether the Parole Board, after denying a prisoner parole, has authority to order a continuance of more than twelve

months. A continuance is the period before an inmate will next be considered for parole. Roberts and Lee (petitioners) contend that MCL 791.235(7); MSA 28.2305(7) mandates that the time between Parole Board interviews may not exceed twelve months.

Subsection 35(7) provides, in pertinent part:

> At least 90 days before the expiration of the prisoner's minimum sentence, or the expiration of a 12-month continuance, a parole eligibility report shall be prepared by appropriate institutional staff.

Subsection 35(7) pertains exclusively to the preparation of parole eligibility reports. Neither subsection 35(7) nor any other statute clearly requires parole consideration at twelve-month intervals. Additionally, subsection 35(7) does not limit the Parole Board's discretion to determine when it will reconsider a prisoner's eligibility for parole. Therefore, there exists no statutory impediment to the Parole Board's determination that petitioners' eligibility for parole would not be reconsidered for two years.

Petitioners also rely on 1979 AC, R 791.7710(2)(c), which states that if a parole release is denied, the Parole Board shall furnish the prisoner written notice "setting a new hearing date, to be no more than 12 months from the minimum eligibility date or previous pass-over date." Petitioners assert that this rule entitles prisoners to a parole release interview annually. However, the 1979 version of the rule was superseded by 1988 AACS, R 791.7710, which provides in subrule 710(2) that "[i]f a prisoner is denied parole at his or her minimum parole eligibility date, written notice shall be provided to the prisoner of his or her next parole consideration date, as determined by the

parole board." Petitioners argue that MCL 24.207(k); MSA 3.560(107)(k) makes 1988 AACS, R 791.7710 inapplicable and requires application of 1979 AC, R 791.7710. MCL 24.207(k); MSA 3.560(107)(k) provides, in relevant part, that the following is excluded from the definition of an administrative rule:

> Unless another statute requires a rule to be promulgated under this act, a rule or policy that only concerns the inmates of a state correctional facility and does not directly affect other members of the public, except that a rule that only concerns inmates which was promulgated before December 4, 1986, shall be considered a rule and shall remain in effect until rescinded but shall not be amended.

Petitioners contend that because 1979 AC, R 791.7710 was promulgated before December 4, 1986, it could not be amended, making the 1988 change nugatory. We reject this argument. First, nothing indicates that 1988 AACS, R 791.7710 amended, rather than superseded, 1979 AC, R 791.7710. MCL 791.206; MSA 28.2276 provides the Department of Corrections with the authority to promulgate rules controlling the manner in which paroles are considered. Under this authority, 1988 AACS, R 791.7710 was promulgated, giving it the force and effect of law. Replacing the earlier rule with the new version implicitly rescinded the earlier one. Thus, under the most current rule, the scheduling of subsequent parole hearings is discretionary.

Petitioner Roberts argues that his case must be remanded to the Parole Board for a detailed explanation of the reasons for parole denial. Under the circumstances of this case, we agree.

The Parole Board's decision regarding parole is reviewed for an abuse of discretion. MCR 7.104(D) (5)(b); MCL 791.234(7); MSA 28.2304(7). In denying Roberts parole, the Parole Board perfunctorily cited the following reasons: "nature of crime, insufficient progress, poor prognosis." The board denied parole in spite of the fact that Roberts had a parole guidelines score of 14, which indicates a "high probability of parole." See *In re Parole of Franciosi*, 231 Mich App 607; 586 NW2d 542 (1998).

MCL 791.235(12); MSA 28.2305(12) requires the Parole Board to provide a prisoner denied parole a written explanation of the reason for denial. Here, the Parole Board's cursory statement of the reasons for denial of parole is not sufficient to satisfy the written explanation requirement and does not allow meaningful appellate review of the Parole Board's decision, particularly in light of Roberts' high probability of parole. *In re Parole of Scholtz*, 231 Mich App 104; 585 NW2d 352 (1998). Consequently, it is impossible to determine whether the decision to deny Roberts parole constituted an abuse of the Parole Board's discretion. We therefore vacate the part of the trial court's order dismissing the petition to review the decision to deny Roberts parole and remand this case to the Parole Board for an explanation of its decision to deny Roberts parole.

The order in Docket No. 199741 is affirmed in part and vacated in part and the matter is remanded to the Parole Board. The order in Docket No. 204516 is affirmed. We do not retain jurisdiction.