*In re* PAROLE OF BIVINGS

Docket No. 209083. Submitted March 15, 2000, at Detroit. Decided August
     29, 2000, at 9:00 A.M.

The Wayne County Prosecutor intervened in a proceeding before the
     Parole Board for the revocation of parole granted to Keith D. Biv-
     ings. The prosecutor urged the board to wait three years before
     again considering parole for the defendant. The defendant pleaded
     no contest to the charge of violating parole. The board revoked the
     defendant's parole and set a twelve-month continuance for recon-
     sideration of parole. The continuance complied with Department of
     Corrections policy directive 06.05.104, which provides that prison-
     ers denied parole are to be considered for parole after twelve, eigh-
     teen, or twenty-four months. The prosecutor appealed the Parole
     Board's decision in the Wayne Circuit Court. The prosecutor asked
     the court to determine that three years without parole was the
     appropriate penalty for the defendant's parole violation or to
     remand the case to the Parole Board with instructions that it disre-
     gard the policy directive and use its discretion to set a continuance
     longer than the periods set by the policy directive. The court, Louis
     F. Simmons, Jr., J., declared the policy directive to be an unconsti-
     tutional restriction on the Parole Board's discretion, set aside the
     twelve-month continuance, and remanded the case to the Parole
     Board with instructions that the board disregard the policy direc-
     tive and use its discretion to determine how much of the defend-
     ant's original sentence must be served before he can again be con-
     sidered for parole. The Department of Corrections and the Parole
     Board intervened and moved for reconsideration. The court denied
     the motion for reconsideration. The department and the board
     appealed by leave granted.

The Court of Appeals *held*:

1. The circuit court was without authority to revisit the defend-
     ant's sentence because the sentence was valid and the defendant
     was still in the legal custody and control of the Department of
     Corrections.

2. The prosecutor lacked standing to appeal the Parole Board's
     decision to reconsider the defendant's eligibility for parole twelve
     months after the revocation of parole. Parole revocation proceed-

ings are contested cases under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, and the only parties with a protected interest are the parolee and the Department of Corrections. MCL 791.234(7); MSA 28.2304(7), which at the time relevant to this case allowed a prosecutor to appeal in the circuit court a grant or denial of parole, did not allow a prosecutor a similar right of appeal from a parole revocation proceeding. The circuit court in this case erred in considering the prosecutor's appeal.

3. The policy directive does not violate the Separation of Powers Clause of the state constitution, Const 1963, art 3, § 2, because the policy directive does not involve the exercise of power belonging to one branch of government by another branch inasmuch as the Department of Corrections and the Parole Board are both part of the executive branch of state government.

Reversed.

1. SENTENCES — MODIFICATION — CIRCUIT COURT.

A circuit court lacks authority to modify a sentence that a defendant has begun to serve absent an error that renders the sentence invalid.

2. PAROLE — REVOCATION — PROSECUTORS.

A parole revocation proceeding before the Parole Board is a contested case under the Administrative Procedures Act; while a prosecutor may intervene in the proceeding, the prosecutor, unlike the parolee and the Department of Corrections, is not a party that can pursue in the circuit court an appeal from the board's decision (MCL 24.201 *et seq.*; MSA 3.560[101] *et seq.*).

3. CONSTITUTIONAL LAW — SEPARATION OF POWERS.

The constitutional doctrine of separation of powers prohibits one branch of government from exercising the whole power properly delegated to another branch (Const 1963, art 3, § 2).

*John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *George E. Ward,* Chief Assistant Prosecuting Attorney, for Wayne County Prosecutor.

*Jennifer M. Granholm,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Chester S. Sugierski, Jr.,* Assistant Attorney General, for Department of Corrections and Parole Board.

Before: GRIFFIN, P.J., and HOLBROOK, JR., and J. B. SULLIVAN*, JJ.

PER CURIAM. Intervening defendants Michigan Department of Corrections (MDOC) and Parole Board appeal by leave granted from the Wayne Circuit Court's opinion and order declaring MDOC Policy Directive 06.05.104 unconstitutional, setting aside defendant Keith D. Bivings' twelve-month parole violation "sentence" and remanding to the Parole Board with instructions to exercise independent discretion in determining the portion of Bivings' sentence he must serve as the minimum for his parole violation. We reverse.

On November 11, 1994, Bivings was convicted by guilty plea of two counts of delivery of less than fifty grams of heroin, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). On November 22, 1994, he was sentenced to two concurrent prison terms of two to twenty years. At the time of sentencing, the twenty-year-old Bivings had an extensive juvenile record of property-related offenses and a 1993 conviction of attempted possession of cocaine. Bivings served twenty months of his sentence, was paroled on August 1, 1996, but was again arrested on March 17, 1997, for possession of heroin and cocaine. Since Bivings was already under a maximum twenty-year sentence, the Wayne County Prosecutor's office deferred prosecution on the new narcotics offense and referred the case to the MDOC for two parole violation counts. The prosecutor appeared at Bivings' parole violation hearing and recommended that Bivings

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

serve at least three more years of his maximum twenty-year sentence before being considered again for parole. However, pursuant to a plea bargain, Bivings pleaded no contest to one count of violating his parole in exchange for a recommendation by the MDOC's Office of Field Programs (OFP) that he be given a twelve-month (as opposed to the prosecutor's requested three-year) continuance before being considered for parole. Bivings' parole was revoked, and the Parole Board voted to accept the OFP recommendation that he be considered for parole in twelve months.

The prosecutor appealed to the circuit court, arguing that the Parole Board's decision effectively set a new minimum sentence of only twelve months before Bivings could again be considered for parole and that policy directive 06.05.104 was unconstitutional because it impermissibly restricted the Parole Board's discretion to impose an appropriate, and in this case harsher, penalty for a parole violator who, like Bivings, is also a third-time repeat offender. The prosecutor asked the circuit court to either determine that three years without parole was the appropriate minimum penalty for Bivings' parole violation or remand the case to the Parole Board with instructions that it use its discretion and ignore policy directive 06.05.104. Bivings' counsel argued that the prosecutor was asking the court to substitute its judgment for that of the Parole Board; that Bivings pleaded no contest to violating his parole pursuant to a plea bargain and recommendation; that the Parole Board's one-year continuance was not the equivalent of a one-year minimum sentence because there was no guarantee of parole after one year; and that the circuit court

lacked jurisdiction to consider the matter because the Parole Board had not reached a final decision on whether to grant Bivings parole. The circuit court agreed with the prosecutor, determined that an administrative order from the MDOC director could not restrict the Parole Board's discretion, declared policy directive 06.05.104 unconstitutional, and remanded Bivings' case to the Parole Board with instructions to exercise independent discretion in determining the portion of the earlier sentence Bivings must serve as a minimum for the parole violation without regard to that directive but with regard to the state's public policy of progressively more severe penalties for repeat offenders.

The Parole Board and the MDOC intervened and moved for reconsideration, arguing that it was inappropriate for the court to order the Parole Board to resentence Bivings because the board has no sentencing authority, that the court had no power to change defendant's sentence, that the policy directive does not mandate parole after the specified periods but instead only sets the schedule for reconsideration of parole, and that the prosecutor was impermissibly attempting to take away the Parole Board's discretion to even consider a defendant for parole. The circuit court denied intervening defendants' motion for reconsideration.

The challenged portion of MDOC policy directive 06.05.104 states:

> Prisoners denied parole will be considered [for parole] at 12, 18, or 24 months, as determined by the Board or a Panel of the Board. Exceptions to the reconsideration time frames shall be explained in the Parole Board Notice of Action.

On appeal to this Court, intervening defendants again argue that the trial court lacks power or authority to change an otherwise valid sentence, that the Parole Board's power is limited to requiring a defendant to serve portions of the maximum sentence imposed by the trial court, that a continuance is not a "sentence" because there is no guarantee of release after the specified period of continuance, and that policy directive 06.05.104 merely sets periods after which a prisoner's eligibility for parole will be reconsidered. The issue presents a question of law that we review de novo on appeal. *People v Thomas*, 438 Mich 448, 452; 475 NW2d 288 (1991).

MCL 791.206; MSA 28.2276 provides the MDOC with the authority to promulgate rules controlling the manner in which paroles are considered. *In re Parole of Roberts*, 232 Mich App 253, 257; 591 NW2d 259 (1998). See also *Blank v Dep't of Corrections*, 462 Mich 103; 611 NW2d 530 (2000) (opinion by KELLY, J.). A continuance is the period before an inmate will next be considered for parole. *Roberts, supra* at 256. The Parole Board, which is part of the MDOC, has the discretion to order a continuance of more than twelve months. *Id.*; *In re Wayne Co Prosecutor*, 232 Mich App 482, 484; 591 NW2d 359 (1998). The period can range from one day to the maximum sentence imposed for the original offense. *Id.* at 486.

Under MCL 791.234(7); MSA 28.2304(7),[1] in effect at the time relevant to the case before us, the Parole Board's decision to grant or deny parole was appeala-

---

[1] MCL 791.234; MSA 28.2304 was amended by 1998 PA 314 and 1999 PA 191. The 1998 amendment redesignated subsection 7 as 8; the 1999 amendment redesignated 8 as 9, and made deletions so that the subsection now states:

ble to the circuit court by the prisoner, the pros-
ecutor, or the victim. *Wayne Co Prosecutor, supra* at
485; MCR 7.104(D). However, the statutory frame-
work regarding proceedings for parole *revocation*, as
opposed to parole grant or denial, provided for no
such participation by the prosecutor or the victim.
*Wayne Co Prosecutor, supra* at 486. Parole revocation
proceedings are contested cases under the Adminis-
trative Procedures Act (APA), MCL 24.201 *et seq.;* MSA
3.560(101) *et seq.*, and the only parties with a "pro-
tected interest" who are entitled to a parole revoca-
tion hearing are the parolee and the department.
*Wayne Co Prosecutor, supra* at 488. While MCL
49.153; MSA 5.751 provides that the prosecutor "shall"
appear in court in all proceedings "in which the state
or county may be a party or interested," parole revo-
cation proceedings are not prosecutions, and the
MDOC is not a court or part of the judiciary. *Wayne Co
Prosecutor, supra* at 489.

In *Wayne Co Prosecutor, supra*, the prosecutor
brought a complaint for superintending control
against the MDOC and the Parole Board, seeking to
intervene as a party in a parole revocation proceeding
that followed a parolee's alleged commission of a
crime. The prosecutor argued that, where there are

---

Except as provided in section [MCL 791.234a [MSA 28.2304(1)],
a prisoner's release on parole is discretionary with the parole
board. The action of granting a parole is appealable by the pros-
ecutor of the county from which the prisoner was committed or
the victim of the crime for which the prisoner was convicted. The
appeal shall be to the circuit court in the county from which the
prisoner was committed, by leave of the court.

While the 1999 amendment is a substantial departure from its predeces-
sors, which permitted appeals from both grants and denials of parole by
the prisoner as well as the prosecutor and the victim, that change is not
relevant to the specific issue in this case.

several years remaining in the reoffending parolee's maximum sentence for the paroled offense, it would be more expedient for the Parole Board to order a lengthy period before the offender would again be considered for parole than to prosecute the parolee for the new offense. The trial court dismissed the prosecutor's complaint, and this Court affirmed. This Court explained that neither the statutes governing parole revocation proceedings nor the APA create a duty by the Parole Board to permit intervention by the prosecutor and concluded that the circuit court was correct in determining that the prosecutor's arguments involve lawmaking and must therefore be directed to the Legislature. *Id.* at 490. This Court noted that the board had discretion to permit prosecutorial intervention at the revocation proceeding and reiterated the prosecutor's right to appeal the ultimate grant of parole pursuant to MCL 791.234(7); MSA 28.2304(7). However, this Court concluded that, until the Legislature acted, those were the only measures available to the prosecutor to accomplish his objectives.

In the case before us, the prosecutor again attempts to accomplish the same objectives, albeit this time by appearing at the revocation proceeding and, when his request for a three-year "sentence" was denied, by naming Bivings as the defendant and appealing the action of the Parole Board to the circuit court. As noted, the appeal asked the circuit court to either resentence Bivings to an additional three years or to declare policy directive 06.05.104 an unconstitutional restriction on the Parole Board's discretion to resentence Bivings to a higher minimum before he is again considered for parole. It is well settled that,

absent an error that renders a sentence invalid, a circuit court lacks authority to modify the sentence a defendant has begun to serve. *People v Wybrecht,* 222 Mich App 160, 166; 564 NW2d 903 (1997); see MCR 6.429(A). "[S]uch an action may infringe upon the Governor's commutation powers and intrude upon the parole board's jurisdiction." *Wybrecht, supra* at 167. Bivings had served approximately two years of his sentence for his 1994 conviction, was on parole, and therefore was still in the "legal custody and control" of the MDOC. MCL 791.238(1); MSA 28.2308(1). The circuit court was without authority to revisit that sentence.

Moreover, even though the prosecutor appeared at Bivings' parole revocation proceeding and requested that the Parole Board not reconsider Bivings for parole for a minimum of three years, pursuant to *Wayne Co Prosecutor, supra,* the prosecutor lacked standing to appeal the Parole Board's decision to reconsider Bivings' parole eligibility twelve months following the revocation of his parole. MCL 791.234(7); MSA 28.2304(7)[2] did not extend the prosecutor's right to appeal the ultimate grant or denial of parole to revocation proceedings and to the Parole Board's decision to reconsider the prisoner's eligibility for parole again in twelve months. Because the Parole Board has no clear legal duty to permit the prosecutor to intervene in parole revocation hearings, *Wayne Co Prosecutor, supra* at 486, and because the prosecutor is not a "party" for purposes of the APA, *id.* at 487-489, it follows that the prosecutor has no standing to appeal the Parole Board's decision under

[2] See n 1, *supra.*

the APA. The prosecutor's sole remedy is to appeal the board's decision to grant parole under MCL 791.234(7); MSA 28.2304(7).[3] Therefore, the trial court erred in considering the prosecutor's appeal.

The trial court also erred in declaring policy directive 06.05.104 an unconstitutional restriction on the Parole Board's discretion. Michigan's Separation of Powers Clause, Const 1963, art 3, § 2 provides:

> The powers of government are divided into three branches; legislative, executive; and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution.

The constitutional doctrine of separation of powers has been interpreted as prohibiting one branch of government from exercising the "whole" power properly delegated to another branch. *People v Raihala*, 199 Mich App 577, 580; 502 NW2d 755 (1993).

The MDOC was created by chapter 12 of the Executive Organization Act, MCL 16.375; MSA 3.29(275), and represents an administrative agency within the executive branch of Michigan's government. Const 1963, art 5, § 2; *Hopkins v Parole Bd*, 237 Mich App 629, 636; 604 NW2d 686 (1999). The MDOC has exclusive jurisdiction over questions of parole. MCL 791.204; MSA 28.2274; *Hopkins, supra* at 637. The Parole Board was established as an entity within the MDOC. MCL 791.231a; MSA 28.2301(1); *Hopkins, supra* at 637. "The release of a prisoner on parole shall be granted solely on the initiative of the parole board," MCL 791.235(1); MSA 28.2305(1), and specific deter-

---

[3] See n 1, *supra*.

minations whether to release prisoners on parole rest with the Parole Board's discretion. MCL 791.234(8); MSA 28.2304(8).[4] *Hopkins, supra* at 637. As an entity within the MDOC, the Parole Board is part of the executive branch of government. It is entirely within the power of the MDOC, which has exclusive jurisdiction over matters of parole, to implement policy directives setting specific intervals for reconsideration of parole decisions by the Parole Board. MCL 791.206; MSA 28.2276. Because both are part of the executive branch of government, a separation of powers argument is inapplicable. Directive 06.05.104 merely provides for intervals at which parole is to be reconsidered. It does not mandate release of a prisoner and therefore has no effect on the Parole Board's discretion.

Reversed.

---

[4] See n 1, *supra.*