**Leroy J. FLEMING, Plaintiff–Appellant,**

v.

**Bill MARTIN, et al., Defendants–Appellees.**

No. 01–1422.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before KENNEDY, GUY, and BOGGS, Circuit Judges.

*ORDER*

Leroy J. Fleming, a Michigan prisoner proceeding pro se, appeals the district court order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and declaratory relief, Fleming sued Director of the Michigan Department of Corrections ("MDOC") Bill Martin; the Michigan Parole Board ("Parole Board"); parole supervisors John J. Remilliet, Kirk McVittie, and Celia Doyle; and parole agents Nicole Williams, Keith Hollingshed, and Harry Bobowski. Fleming alleged that the defendants violated his due process rights by: (1) not releasing him from parole on his original discharge date of January 29, 1999; (2) failing to credit his sentence with the time he spent in drug treatment centers; and (3) extending his parole without notice or a hearing. He also asserted state law claims. The district court screened the complaint and dismissed it as frivolous. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The court held that Fleming's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that the defendants were immune from suit.

In his timely appeal, Fleming argues principally that: (1) his claim is not barred by *Heck* because he was challenging the defendants' use of unconstitutional proce-

dures; and (2) the defendants are not immune from suit.

This court reviews de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e)(2) and 1915A. *Brown v. Morgan,* 209 F.3d 595, 596 (6th Cir.2000); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Fleming's case. The Parole Board is entitled to Eleventh Amendment immunity. Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.,* 987 F.2d 376, 381 (6th Cir.1993). The Parole Board is an entity within the MDOC, *see* Mich. Comp. Laws § 791.231a, and the MDOC is, in turn, an administrative agency within the executive branch of Michigan's government. *See* Mich. Const. 1963, art. 5, § 2; *In re Parole of Bivings,* 242 Mich.App. 363, 619 N.W.2d 163, 167–68 (Mich.Ct.App. 2000). Accordingly, the Parole Board is immune from suit under the Eleventh Amendment.

The parole supervisors and agents are entitled to absolute immunity. They were exercising a judicial function when they recommended that Fleming's parole be extended because of his drug and alcohol use. Thus, they are absolutely immune from liability. *See Anton v. Getty,* 78 F.3d 393, 396 (8th Cir.1996); *Young v. Selsky,* 41 F.3d 47, 51 (2d Cir.1994); *Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir.1990).

Additionally, we note that although Fleming named MDOC Director Martin as a defendant he did not allege that Martin condoned, encouraged, or knowingly acquiesced in the alleged misconduct. Thus, Martin cannot be held liable under 42 U.S.C. § 1983. *See Taylor v. Michigan Dep't of Corr.,* 69 F.3d 76, 80–81 (6th Cir. 1995).

Finally, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over Fleming's supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Fleming's complaint lacked an arguable basis in law and was frivolous because none of the defendants are subject to suit. *See Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Accordingly, we need not reach the court's other ground for dismissing Fleming's case. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.