No. 04-1142
File Name: 05a0473n.06
Filed: June 7, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

RAYMOND LESTER HORTON,                     )
                                           )
        Plaintiff-Appellant,               )
                                           )
v.                                         )
                                           )    On Appeal from the United States
BILL MARTIN; et al.,                       )    District Court for the Eastern
                                           )    District of Michigan
        Defendants-Appellees.              )
                                           )
                                           )
                                           )
                                           )


Before: MARTIN and ROGERS, Circuit Judges; MCKINLEY, District Judge.[*]


        Raymond Lester Horton, proceeding pro se, appeals a district court's order dismissing his

civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of

the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel

unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

        Seeking monetary and equitable relief, Horton sued the Michigan Parole Board, the director

Bill Martin of the Michigan Department of Corrections, an administrative law judge Gary Kasenow,

a parole board field programs manager Larry Baran, and Horton's counsel Jacqueline George from

his parole revocation hearing. Horton essentially argued that the defendants violated his due process

rights in connection with the parole revocation hearing. Specifically, he claimed that: 1) he was not

afforded a hearing within the required 45 days; 2) Martin failed to remedy the wrong when notified

through Horton's grievance appeal; 3) George, Kasenow, and Baran conspired to violate his rights

_____

        [*]The Honorable Joseph H. McKinley, Jr., United States District Judge for the Western
District of Kentucky, sitting by designation.

by agreeing that Horton would plead guilty, without Horton's knowledge; 4) the Board violated his rights by failing to provide him with written findings of fact for revoking his parole; 5) the Board and Kasenow failed to consider mitigating evidence before they reached their decision; and 6) George rendered ineffective assistance. Upon review, the district court adopted a magistrate judge's recommendation that the court dismiss the complaint against the Board, Martin, Kasenow, and Baran because they were entitled to immunity. Subsequently, the district court adopted the magistrate judge's recommendation to grant George's motion to dismiss the claims against her because Horton did not a state a claim upon which relief could be granted. Horton has filed a timely appeal reasserting his claims.

Upon review, we conclude that the district court properly dismissed Horton's complaint. We review de novo a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 779 (6th Cir. 2000).

The district court properly dismissed Horton's claims against the Board, Kasenow, and Baran because they were entitled to immunity. The Board is immune from suit under the Eleventh Amendment. Eleventh Amendment immunity is a jurisdictional bar, and applies regardless of the relief sought. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). The Board is an administrative agency within the executive branch of Michigan's government. *See* Mich. Const. 1963, art. 5, § 2; *In re Parole of Bivings*, 619 N.W.2d 163, 167-68 (Mich. Ct. App. 2000).

Kasenow and Baran are also entitled to immunity. "[P]arole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers." *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990). Likewise, those who make recommendations concerning parole also enjoy absolute immunity. *See Anton v. Getty*, 78 F.3d 393, 396 (8th Cir. 1996) (hearing examiner and probation officer who recommended delay

of parole entitled to absolute immunity); *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (probation officers who prepare presentence reports are closely associated with the exercise of a judicial function and entitled to absolute immunity); *Turner v. Barry*, 856 F.2d 1539, 1540-41 (D.C. Cir. 1988). Kasenow and Baran are entitled to immunity because Horton challenges their conduct in relation to his parole revocation hearing.

The district court also properly dismissed Horton's claim against Martin. Horton merely alleged that Martin failed to remedy the situation after he had been informed of the problem via Horton's grievance. Horton's allegation does not state a claim because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown that the defendant "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Horton did not allege that Martin actively participated in or authorized the alleged unconstitutional conduct.

The district court properly concluded that Horton did not state a claim against George. George is not a state actor subject to liability under § 1983. *See Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Although private citizens acting in concert with state officials may be subject to § 1983 liability, *see Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), Horton offered no factual support or evidence upon which a conspiracy could be based. Horton's allegation that George engaged in a conspiracy with the state actors was not pled with any degree of specificity. *See Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996). Moreover, a review of the parole violation report clearly establishes that George presented mitigating evidence to the parole board.

Judgment affirmed.