NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0380n.06

No. 11-3121

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 06, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| TERRY R. KRUKEMYER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JAMES S. FORCUM, | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| Defendant-Appellee, | ) | OHIO |
| | ) | |
| and | ) | M E M O R A N D U M |
| | ) | O P I N I O N |
| DAVID G. JACKSON, | ) | |
| | ) | |
| Defendant. | ) | |

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; and QUIST, Senior
District Judge.[*]

**McKEAGUE, Circuit Judge.** Plaintiff Terry R. Krukemyer is the biological father of Lena

Rosalie Krukemyer, who was born in Bowling Green, Ohio, on April 2, 1994.[1] That Krukemyer is

Lena's biological father was confirmed by DNA testing on October 30, 2007. Krukemyer did not

learn he is Lena's father until some thirteen years after Lena's birth, as the mother, Jessica R.

_____

[*] Honorable Gordon J. Quist, United States Senior District Judge for the Western District of
Michigan, sitting by designation.

[1]The facts summarized herein are taken substantially from the allegations of the complaint,
accepted as true for purposes of review of the district court's dismissal under Fed. R. Civ. P.
12(b)(6).

Jackson, did not inform him of either the conception or the birth. In April 1998, Lena had been adopted under Indiana law by David G. Jackson, who was married to Jessica from June 1996 to August 2008. Approximately five months after David and Jessica Jackson were divorced, Krukemyer married Jessica Jackson. Krukemyer's paternity and adoption of Lena were established under Ohio law in July 2009. The three—Krukemyer, Jessica, and Lena—have continued to live together as a family ever since.

Yet, the reunited family's happiness is not complete. Krukemyer commenced this action in January 2010 in the Northern District of Ohio. Named as defendant, in relevant part, is James S. Forcum, the attorney who represented David Jackson in the Indiana adoption proceedings. All the claims stem from defendant Forcum's alleged failure to comply with certain procedural requirements of Indiana law. Forcum's nonfeasance allegedly had the effect of denying Krukemyer notice of the impending adoption, thereby contributing to the prolongation of his ignorance of Lena's existence. On January 3, 2011, the district court granted Forcum's motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a valid claim. Krukemyer appeals.

## I

The district court's dismissal for failure to state a valid claim for relief is reviewed de novo. *Frank v. Dana Corp.*, 646 F.3d 954, 958 (6th Cir. 2011). Under Rule 12(b)(6), the complaint is viewed in the light most favorable to plaintiff, the allegations are accepted as true, and all reasonable inferences are drawn in plaintiff's favor. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). However, "a legal conclusion couched as a factual allegation" need not be

accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff's obligation to provide the "grounds" for his claimed entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The factual allegations must "raise the right to relief above the speculative level." *Id.* The complaint must state a claim that is plausible on its face; i.e., the court must be able to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## II

In Count I, Krukemyer alleges his due process rights were violated as a result of Forcum's failure to comply with state law procedural requirements in the adoption proceedings. Specifically, Forcum's alleged failure to make a diligent search for the father and serve notice of the adoption proceedings in the county of the father's last known address is said to have deprived Krukemyer of eleven years' enjoyment of his father-daughter relationship with Lena. The district court dismissed the claim for lack of an allegation that Forcum was a governmental actor.

Indeed, there is no constitutional right to be free from harm inflicted by private actors. A due process claim lies only against a governmental defendant. It is well-settled that a lawyer representing a private client is not a state actor acting "under color of law." *See Polk Cnty. v. Dotson*, 454 U.S. 312, 318 n.7 (1998); *Powers v. Hamilton Cnty. Pub. Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), *amended on denial of reh'g*, 243 F.3d 234 (6th Cir. 2001); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005); *Dallas v. Holmes*, 137 F.

App'x 746, 752 (6th Cir. 2005). Krukemyer has not identified any contrary authority. Nor does the complaint contain allegations from which it could be reasonably inferred that Forcum's alleged nonfeasance was attributable to the state. We find no error in the district court's dismissal of the due process claim.

**III**

Count II of the complaint sets forth a claim against Forcum for legal malpractice. Krukemyer alleges that Forcum's breach of duty owed to his client David Jackson resulted in his, Krukemyer's, loss of eleven years' worth of father-daughter relationship with Lena. The district court dismissed the claim, correctly observing that Indiana law permits recovery for malpractice "only if there is privity of contract or if the negligent professional had *actual knowledge* that the plaintiff would be affected." *Querry & Harrow, Ltd. v. Transcon. Ins. Co.*, 861 N.E.2d 719, 721 (Ind. App. 2007) (emphasis added) (quotation omitted).[2]

Krukemyer argues that Forcum should have known his failure to give proper notice of the adoption proceeding could affect Krukemyer's rights as biological father. As the district court recognized, however, the actual-knowledge exception is not expansively applied under Indiana law. In *Essex v. Ryan*, 446 N.E.2d 368, 371 (Ind. App. 1983), for instance, the court rejected the successor-in-title plaintiffs' argument that they could sue their predecessor's surveyor for negligence because they were among the limited group of persons for whose benefit the survey was made. The court concluded that "Ryan owed no duty to the Essexes because he had no knowledge *they* would

---

[2] The parties agree that Krukemyer's state law claims are governed by Indiana law.

rely upon his survey and because he was not in privity with them." *Id*. at 374 (emphasis added). The court drew a "distinction between *knowledge* that a third party will rely on the [services] given and an *expectation* that unidentified others might rely on it." *Id.* at 372 . The *Essex* court thus rejected a theory of liability arguably recognized by the *Restatement (Second) of Torts*, § 552, because the plaintiffs were "unable to tie their theory to any moorings in Indiana law." *Id.* at 371. This narrow construction of the actual-knowledge exception remains the law in Indiana. *See Thomas v. Lewis Eng'g, Inc.*, 848 N.E.2d 758, 760-62 (Ind. App. 2006) (observing that "the actual knowledge exception to the privity rule has been applied only where there has been contact between the professional and the third party"); *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010) (citing *Thomas* with approval).

Krukemyer's complaint does not contain allegations from which it could be reasonably inferred that Forcum ever had contact with Krukemyer or had actual knowledge of Krukemyer's identity. The allegations suggest only that Forcum had an *expectation* that an unidentified third party, the unnamed biological father (allegedly known to the mother, but not identified by her to Forcum), had an interest in the adoption proceeding and might have relied in some manner on the lack of proper notice. This is insufficient to support a third party's claim for legal malpractice under Indiana law. Accordingly, we find no error in the district court's dismissal of Count II.

**IV**

In Count IV of the complaint,[3] Krukemyer asserts a claim for fraud, alleging Forcum made material misrepresentations to the Indiana court in the adoption proceeding with the intent to defraud him of his paternal rights. The district court held this claim fails for lack of an allegation that Krukemyer had detrimentally relied on any misrepresentation by Forcum. The court cited *Adoptive Parents of M.L.V. and A.L.V. v. Wilkens*, 598 N.E.2d 1054, 1058 (Ind. 1992), for the proposition that, under Indiana law, "[t]o maintain an action for fraud, there must be a material misrepresentation of past or existing fact made with knowledge of or reckless disregard for the falsity of the statement; and the misrepresentation must be relied upon to the detriment of the relying party." The court observed that Krukemyer's allegations arguably made out a claim that fraud had been perpetrated on the Indiana court, but held that they failed to make out a claim on which Krukemyer could recover.

Krukemyer acknowledges that his reliance on Forcum's alleged misrepresentation is an essential element of his fraud claim. Yet, he fails to identify in the complaint any allegation of misrepresentation (or even of silence in the face of a duty to speak) by Forcum *to Krukemyer* on which Krukemyer relied to his injury. Krukemyer struggles to contort the facts into a form meeting the required elements of a fraud claim. He insists Forcum's actionable fraud consists of his inaction—i.e., his failure to instruct Lena's mother that she had a duty to inform Krukemyer of

---

[3] Count III sets forth a claim for recovery for alienation of affection. Krukemyer has not challenged the dismissal of this claim and any objection is deemed forfeited.

Lena's existence, and his failure to properly publish notice of the adoption proceeding. By virtue of this inaction, Krukemyer contends, "reliance was imposed" on him by operation of law by virtue of his having remained ignorant of the adoption proceeding and failing to exercise his right to object.

To be sure, if Forcum and Krukemyer were in a relationship by virtue of which Forcum had a duty to speak to Krukemyer, then Forcum's alleged silence or inaction in derogation of that duty, if detrimentally relied upon by Krukemyer, could conceivably amount to actionable fraud. *See Allison v. Union Hosp., Inc.*, 883 N.E.2d 113, 122-23 (Ind. App. 2008). However, Forcum and Krukemyer were in no such relationship. They did not know each other and had not had any contact with each other. There is no allegation that Forcum had knowledge of the biological father's identity. At all times pertinent, Forcum was in an attorney-client relationship with David Jackson. Forcum was thus in a fiduciary relationship with Jackson by virtue of which he owed certain duties to Jackson. And in representing Jackson as an "officer of the court," Forcum had certain duties under Indiana law. Yet, none of these duties was owed to Krukemyer personally, such that *he*, in the event of a breach thereof, could sue Forcum for fraud. Accordingly, the fraud claim was properly dismissed.

## V

Finally, in Count V, Krukemyer asserts a claim for intentional infliction of emotional distress. The district court properly identified the elements of such a claim as requiring Krukemyer to allege that Forcum engaged in extreme and outrageous conduct which intentionally or recklessly caused him severe emotional distress. *See Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991). It is the

intent to harm the plaintiff emotionally which constitutes the basis for the tort of intentional infliction of emotional distress. *Id.* In the appropriate case, the "extreme and outrageous" question can be decided as a matter of law. *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1264 (Ind. App. 2009). The district court held that Krukemyer's claim fails for lack of allegation of conduct by Forcum that can be reasonably characterized as "extreme and outrageous." Further, the court held implausible the allegation that Forcum failed to comply with the procedural requirements of the law with intent to cause Krukemyer severe emotional distress. We agree.

Our survey of Indiana case law shows that the Indiana courts have not construed the intentional-infliction-of-emotional-distress cause of action, newly recognized in *Cullison*, so broadly as to encompass facts such as those alleged here. *See e.g.*, *Curry v. Whitaker*, 943 N.E.2d 354, 361 (Ind. App. 2011) (noting that the requirements to prove this tort are "rigorous"); *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 747 (7th Cir. 2003) (observing that the Indiana courts have sustained summary judgment for defendants in more extreme cases); *Collins v. Purdue Univ.*, 703 F. Supp. 2d 862, 871-73 (N.D. Ind. 2010) (collecting cases and recognizing that Indiana courts have required "conduct so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society").

Where the alleged tortious conduct consists essentially of an adoptive father's attorney's failure to ensure in 1998 that proper public notice was given in the county of the presumed biological father's last known address; and the biological father was not even aware that he may have fathered the child or even that she existed until 2007; and the attorney's nonfeasance was ostensibly

consonant with the wishes of the child's mother (wife of the attorney's client), who had never disclosed the conception or birth of the child to the biological father; and there is no allegation that the attorney knew of the biological father's identity or knew whether the biological father had any potential interest in asserting his paternal rights; and the attorney's alleged nonfeasance in 1998 caused no conceivable emotional distress to the biological father before 2007, when he learned of his role in the child's conception from the mother; we hold that the alleged facts do not make out the sort of extreme and outrageous conduct that can be deemed, under Indiana law, to have been undertaken intentionally or recklessly to inflict emotional harm on the biological father. We therefore find no error in the district court's dismissal of the intentional-infliction-of-emotional-distress claim.

## VI

None of the foregoing should be construed as condoning the alleged misfeasance of Attorney Forcum in his handling of the 1998 adoption proceedings. We find simply, on de novo review of the district court's order of dismissal, that none of the claims for relief asserted by plaintiff Krukemyer states a valid claim on which relief can be granted under the governing substantive law. The district court's order is therefore **AFFIRMED**.