# STATE OF MICHIGAN

# COURT OF APPEALS

MARK ANTHONY GOODING,

Petitioner-Appellant,

v

PAROLE BOARD,

Respondent-Appellee.

UNPUBLISHED
December 21, 2017

No. 333911
Ingham Circuit Court
LC No. 16-000404-AA

Before: MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

Petitioner was convicted of first-degree home invasion, MCL 750.110a(2), and sentenced to 6 to 20 years' imprisonment. He was subsequently paroled, but soon thereafter petitioner allegedly violated the conditions of his parole by engaging in a physical altercation. After a hearing, respondent Parole Board found that petitioner had indeed violated the terms of parole and revoked his parole. Petitioner proceeded to file an appeal of the parole revocation within the 60-day period to appeal, see MCR 7.119(B)(1); MCL 24.304(1); *In re Parole of Bivings*, 242 Mich App 363, 369; 619 NW2d 163 (2000), and he did so in the Court of Claims on the basis of standard forms apparently supplied by the Department of Corrections (DOC) showing that a parole-revocation appeal is to the Court of Claims. The Court of Claims, however, dismissed the appeal for lack of jurisdiction, concluding, correctly, that jurisdiction lay in the circuit court. See MCL 24.303(1); MCL 600.6419(5). At the time of dismissal, the 60-day window to appeal had expired; therefore, when petitioner next filed his parole-revocation appeal in the circuit court, the court dismissed the appeal as untimely. Subsequently, petitioner filed the instant claim of appeal in this Court, for which we lack jurisdiction, given that the appeal from the circuit court's ruling had to be by application for leave to appeal. MCR 7.203(A)(1)(a) and (B).[1] We shall, however, treat petitioner's appeal as an application for leave, grant leave, and address his arguments, only one of which need be reached. See *Rains v Rains*, 301 Mich App 313, 320 n 2; 836 NW2d 709 (2013). Petitioner contends that he was deprived of his due process rights when the circuit court dismissed the appeal as untimely, where he was provided misleading information by the DOC, which directly led to the late filing. At its core, constitutional due process demands fundamental

---

[1] This Court accepted petitioner's filing nearly a year and a half ago and failed to notice the jurisdictional defect at the time, which only came to light recently.

fairness and is flexible, calling for such protections as the particular situation may warrant. *Mathews v Eldridge*, 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976); *In re Brock*, 442 Mich 101, 111; 499 NW2d 752 (1993). Here, petitioner had an appeal as of right from the Parole Board's revocation decision, MCR 7.103(A)(3), and he acted in timely fashion in exercising his appellate rights, only to have his appeal ultimately deemed untimely because he initially filed it in the wrong court on misinformation provided by the DOC. Due process and fundamental fairness demand that petitioner's appeal be treated as timely. Accordingly, we reverse and remand this case to the circuit court to hear petitioner's appeal.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle